UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 14-86 |
| PAUL LEE | SECTION: "J" |

### ORDER & REASONS

Before the Court is a *Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)* **(Rec. Doc. 608)** filed by Defendant, Paul Lee and an opposition (Rec. Doc. 610) filed by the United States of America. Having considered the motion and legal memorandum, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

On May 28, 2015, Defendant, Paul Lee pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. Lee pleaded guilty pursuant to an 11(c)(1)(C) plea agreement in which the Government agreed to dismiss Count 7 of the Superseding Indictment which charged him with possession of a firearm by a convicted felon and to not file a Bill of Information regarding the defendant's prior felony drug convictions. (Rec. Doc. 163). Absent this agreement, Lee would have faced a mandatory life sentence due to his multiple prior felony drug convictions. *Id.* Lee was sentenced to 168 months' imprisonment and has served approximately two-thirds of his

sentence. Lee filed the instant motion for reduction of his sentence on the grounds that there are extraordinary and compelling reasons for his release due to his mother's poor health and the death of is brother who was her alleged caretaker.

## LEGAL STANDARD

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

Once a defendant has exhausted her administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). This reduction must be consistent with applicable policy statements of the Sentencing Commission. *Id.* Section 3582(c)(1)(A)(i)'s use of "extraordinary and compelling"

captures the truly exceptional cases that fall within no other statutory category and sets "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271, 287-88 (4th Cir. 2020). The defendant has the burden to demonstrate the extraordinary and compelling reasons supporting her release. *See United States v. Washington*, No. CR 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020). The U.S. Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (p.s.).[1] If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

Lee asserts, and the Government does not dispute that Lee has exhausted all administrative requirements to seek compassionate release. (Rec. Docs. 608, at 2, 3 and 610, at 3). Therefore, the Court will now turn to the merits of Lee's motion.

Under 18 U.S.C. § 3582(c)(1)(A), a sentencing court may reduce an imposed sentence upon a showing of extraordinary and compelling reasons. "Congress has not defined what constitutes 'extraordinary and compelling reasons' for a sentence reduction[.]" *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021). The Sentencing Commission, however, provided four categories of extraordinary and compelling reasons in the commentary to its corresponding policy statement: (A)

---

[1] Policy statements are binding in § 3582(c) proceedings. *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011).

3

medical conditions; (B) age; (C) family circumstances; and (D) other reasons as determined by the Director for the BOP. U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (A)-(D) (U.S. SENT'G COMM'N 2021). Although these categories are not binding, they provide an appropriate framework for the Court to consider what constitutes extraordinary and compelling reasons for a sentence reduction. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

Lee argues that his sentence should be reduced because his mother is in very poor health. Lee states that "she suffers with a history of diabetes, chronic kidney disease, disease of the heart, history of depression/grief reaction, [and] history of SI disease with a chief complaint of nonspecific weakness." (Rec. Doc. 608, at 10). Lee also states that his younger brother, who was "a tremendous help to his ailing mother since there are no other family members available to assist her on her daily routine," was killed in March of 2022. *Id.* at 11. Lee argues that this Court should grant him compassionate release in order to allow him to care for his mother in place of his deceased brother.

In opposition, the Government argues that the need to care for his ailing mother is not an extraordinary or compelling reason for release. (Rec. Doc. 610, at 6). Additionally, the Government asserts that Lee has not shown that his mother is incapacitated, stating that "the one page medical report attached to [Lee's] brief describing a medical visit to the hospital" is not sufficient proof that "his mother's health conditions rose to the level of incapacity." *Id.* at 8. The Government

4

acknowledges that at least one court has held that a defendant's role as the only potential caretaker for a parent is an extraordinary and compelling reason for compassionate release. *See United States v. Bucci*, 409 F. Supp. 3d 1 (D. Mass. 2019). However, the Government argues that district courts in the Fifth Circuit have declined to follow *Bucci* when a defendant has not shown that "a family member is incapacitated or that the defendant is the only available caretaker." *United States v. Rodriguez*, 2021 WL 1978830, at *2 (S. D. Tex. May 17, 2021). The Government argues that Lee has submitted no corroborating evidence that he is the only family member who can care for his mother nor has he submitted sufficient evidence that her health conditions rise to the level of incapacity. (Rec. Doc. 610, at 8).

The Government also argues that unlike in *Bucci*, Lee has not demonstrated sufficient rehabilitation while incarcerated. *Id.* at 9. Bucci devoted much of his time in prison to caring for terminally ill inmates, while Lee has incurred twelve sanctions during his sentence, including one sanction for possession of a weapon and one sanction for assaulting another inmate in 2021. *Bucci*, 409 F.3d, at *2-3. Lee does not address these sanctions in his motion, and instead asserts that he has been a "model prisoner complying with the rules and regulations of the federal penal system." (Rec. Doc. 608, at 9).

The Court finds that Lee has not demonstrated extraordinary and compelling reasons for his release. Although the Court does note that Lee's desire to care for his mother is admirable, Lee has not demonstrated that her health issues rise to the level

of incapacity. This, coupled with the fact that Lee has only served approximately two-thirds of his sentence and his numerous sanctions while incarcerated mean that Lee is ineligible for compassionate release at this time.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Paul Lee's *Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)* **(Rec. Doc. 608)** is **DENIED.**

New Orleans, Louisiana, this 7th day of June, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE